USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMART STUDY CO., LTD.,

　　　　　　　　　Plaintiff,

　　　　-against-

TC TOY CITY STORE, et. al,

　　　　　　　　　Defendants.

1: 21-cv-9602-MKV

ORDER DENYING
PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

This Order memorializes the Court's ruling at the December 16, 2021 preliminary

injunction hearing on this matter.  For the reasons stated on the record and for the following

reason, the Court denies without prejudice Plaintiff's preliminary injunction motion.

## BACKGROUND

On November 19, 2021, Plaintiff moved *ex parte*, under seal, against Defendants for the

following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and

Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary

injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an

order authorizing expedited discovery.  The Court entered an Order granting Plaintiff's

Application on November 22, 2021 (the "TRO") which ordered Defendants to appear on

December 6, 2021 at 10:00 a.m. for a show cause hearing.  Plaintiff thereafter moved this Court

to extend the TRO and reschedule the show cause hearing because certain third party service

providers had not yet responded to the expedited discovery order.  The Court entered an Order

on November 30, 2021 granting Plaintiff's request to extend and modify the TRO for good cause

shown, and rescheduled the show cause hearing to December 16, 2021 at 2:30 p.m.  On

December 13, 2021, Plaintiff filed a supplemental letter requested by the Court (the "Letter")

arguing why personal jurisdiction over the Defendants exists in this case, and explaining the attempts to serve the Defendants.  Plaintiff also amended Exhibit D to its Complaint to reflect purchases by Plaintiff of the allegedly infringing products.

The Court held the December 16, 2021 hearing at which no Defendant appeared.  During the hearing, the Court again raised the issue of whether Plaintiffs had adequately alleged or demonstrated that personal jurisdiction existed.

## DISCUSSION

To obtain preliminary injunction relief, a plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted).  Plaintiff ultimately may well be able to satisfy these elements.  However, due process requires that before the Court issues injunctive relief against a defendant, the Court must have personal jurisdiction over that defendant.  *See CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020) ("A district court is 'powerless to proceed' on a motion for preliminary injunction 'in the absence of personal jurisdiction.'" (quoting *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016)).

On the present record, Plaintiff has not come forward with sufficient evidence for the Court to find that the Defendants are subject to personal jurisdiction in New York.  Specific jurisdiction requires that a defendant "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).  Evaluating personal jurisdiction

2

first involves an analysis of whether the law of the forum state, here, New York's long-arm statute, N.Y. C.P.L.R. § 302, subjects the individual to personal jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002).

Plaintiff points to one provision of the New York long arm statute that it says subjects Defendants to jurisdiction here, N.Y. C.P.L.R. § 302(a)(1). Plaintiff claims that Defendants have "transacted business" in New York, which subjects them to personal jurisdiction for claims related to that business. On the present record, the Court cannot find that Defendants have transacted business in New York.

N.Y. C.P.L.R. § 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." *Am. Girl, LLC v. Zembrka*, No. 1:21-CV-02372 (MKV), 2021 WL 1699928, at *4 (S.D.N.Y. Apr. 28, 2021) (quoting N.Y. C.P.L.R. § 302(a)(1)). Plaintiff represented at the December 16, 2021 hearing that it and persons working on its behalf had ordered products from each Defendant and that their proffered evidence reflects the shipment of products to New York. *See* Compl., Ex. D. However, "Courts in this District and elsewhere have expressed 'hostility towards finding jurisdiction under such potentially manufactured circumstances.'" *Buccellati Holding Italia*, 935 F. Supp. 2d at 623 (quoting *Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05 Civ. 2744(KMK), 2007 WL 3378256, at *5 (S.D.N.Y. Nov. 9, 2007). Specifically, it is not reasonable to conclude that Defendants purposefully availed themselves of transacting business in New York under such circumstances. *See Brownstone Inv. Grp. LLC v. Bonner & Partners, LLC*, No. 20-CV-7351 (AJN), 2021 WL 3423253, at *3 (S.D.N.Y. Aug. 5, 2021) (no jurisdiction where "the only actual transaction Plaintiff alleges is that of its paralegal") (Nathan, J.); *Richtone Design Grp., LLC v. Live Art, Inc.*, No. 12 CIV. 7652 JFK, 2013 WL 5904975, at *4 (S.D.N.Y. Nov. 4, 2013)

("[M]ost New York courts have held that a defendant's activities are not purposeful where the plaintiff initiated the single sale in a jurisdiction."); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, No. 93 Civ. 6160(KMW), 1995 WL 224774, at *2 (S.D.N.Y. Apr. 14, 1995) (finding no personal jurisdiction where plaintiff arranged for former employee to make purchase from defendant for purpose of creating jurisdiction).

While this issue has never been decided by the Circuit, in *Chloe v. Queen Bee of Beverly Hills, LLC*, the Second Circuit noted in dicta that a "single act of shipping a counterfeit Chloé bag might well be sufficient, by itself, to subject [a defendant] to the jurisdiction of a New York court under section 302(a)(1)." 616 F.3d 158, 170 (2d Cir. 2010); *see also* Letter at 2-3 (discussing *Chloe*). However, the Court did not decide that issue because the Court concluded that the defendant in that case had engaged in activity beyond the single sale to Plaintiff. *Id.* (concluding that defendant also "operated a highly interactive website offering such bags for sale to New York consumers . . . and engaged in fifty-two other transactions where merchandise was shipped to New York"). While *Chloe* held that that was enough to demonstrate purposeful availment in that case, Plaintiff here alleges only a single purchase by the Plaintiff of each Defendants' product. Letter at 3 (noting that "Epstein Drangel made a test purchase from each and every Defendant except Yangzhou Weihu Handicraft Co., Ltd. and Yiwu Tijie Trade Co., Ltd.").[1]

---

[1] The Court notes that the record is particularly deficient with respect to Defendants Yangzhou Weihu Handicraft Co., Ltd. and Yiwu Tijie Trade Co., Ltd whom Plaintiff concedes it was not successful in purchasing counterfeit products from. Letter at 3. Plaintiff further notes that because they have not responded to expedited discovery "Plaintiff is currently unaware of whether these two Defendants have made sales to consumers located in New York." Letter at 2 n.2 Therefore jurisdiction is clearly lacking as to Yangzhou Weihu Handicraft Co., Ltd. and Yiwu Tijie Trade Co., Ltd. A court may not hear a case involving a defendant over which it has no jurisdiction. *See In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2002); *see also Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) ("[A] plaintiff has the ultimate burden of establishing, by a preponderance of the evidence, that the court maintains jurisdiction over the defendant.").

4

Moreover, "courts have concluded that in cases where . . . plaintiffs' causes of action are founded on notions of consumer confusion," it is "improper to rely on a transaction—for jurisdictional purposes—in which the purchaser obviously was not confused as to the source of the merchandise." *Brownstone Inv. Grp.*, 2021 WL 3423253, at *3 (citation omitted) (Nathan, J.).  As such, on the record before it, the Court cannot find that Plaintiff has satisfied N.Y. C.P.L.R. § 302(a)(1).

## <u>CONCLUSION</u>

As described above, Plaintiff has not established that Defendants transact business in New York or that jurisdiction over them is appropriate at this stage.  As such, the Court cannot enter injunctive relief against Defendants.  Accordingly, Plaintiffs' Motion for a Preliminary Injunction is DENIED without prejudice.


**SO ORDERED.**

**Date:  December 17, 2021**
**      New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

5